UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAN LEWIS, JR.,

    Petitioner,

v.                                                 Case No. 07-11643-BC
                                                   Honorable Thomas L. Ludington
                                                   Magistrate Judge R. Steven Whalen

THOMAS K. BELL,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS TO EXPEDITE HABEAS PETITION,
TO APPOINT POLYGRAPH EXAMINER AND INVESTIGATOR,
FOR IMMEDIATE RELEASE,
AND FOR PRELIMINARY INJUNCTION,
GRANTING IN PART AND DENYING IN PART
PETITIONER'S SEVERAL MOTIONS TO EXPAND THE RECORD,
DENYING PETITIONER'S MOTION FOR DISMISSAL,
AND GRANTING RESPONDENT'S MOTION
FOR LEAVE TO FILE ANSWER *INSTANTER***

      Petitioner Man Lewis, a Michigan state prisoner currently confined at Boyer Road Correctional Facility in Carson City, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner commenced this habeas corpus proceeding by raising eight issues for habeas review challenging the calculation of his maximum prison discharge date by the Michigan Department of Corrections and the State Parole Board. Petitioner's current maximum discharge date is August 1, 2009.

I.

      Pending before the Court are the following motions filed by Petitioner: (1) "Motion to Expedite Application for Writ of Habeas Corpus," filed on April 12, 2007 [dkt #3]; (2) "Motion for

Appointment of Investigator & Polygraph Examiner," filed on April 12, 2007 [dkt #4]; (3) "Motion to Amend/Supplement & Expedite Habeas Relief," filed on June 21, 2007 [dkt #7]; (4) "Motion for Immediate Release from Custody," filed on July 23, 2007 [dkt #10]; (5) "Motion to Supplement Pleadings," filed on August 3, 2007 [dkt #11]; (6) "Leave to File Motion to Supplement in Support of Petitioner's Response to Respondent's Failure to Timely Respond in Response to the Court's Order Requiring Responsive Pleading," filed on November 9, 2007 [dkt #16]; (7) "Leave to File Application for Preliminary Injunction in Opposition to Respondent's Failure to Timely Answer in Response to the Court's Order Requiring Responsive Pleading," filed on November 14, 2007 [dkt #19]; (8) "Leave to File Amendment," filed on November 21, 2007 [dkt #22]; (9) "Leave to File Second Amendment," filed on January 10, 2008 [dkt #24];(10) "Leave to File Supplement to 'Amended Affidavit' in Support of Petitioner's Response to Respondent's Failure to timely Respond in Response to the Court's Order Requiring Responsive Pleading," filed on February 14, 2008 [dkt #26]; and (11) "Motion for Partial voluntary Dismissal without Operating as an Adjudication upon the Merits," filed on March 18, 2008 [dkt #27].

Also pending before the Court is Respondent's "Motion for Leave to File Answer *Instanter*." Respondent filed an answer to Petitioner's habeas petition on November 8, 2007; however, no responses have been filed with respect to the above referenced motions filed by Petitioner. For the reasons stated below, the Court will deny motions 1, 2, 4, 7, and 8. The Court will grant motions 9, 10 and Respondent's "Motion for Leave to File Answer *Instanter."* The Court will grant in part and deny in part motions 3, 5, and 6.

II.

A.

Petitioner has filed a motion requesting that the Court expedite its decision relative to his habeas petition. In the present case, Petitioner has failed to show good cause to expedite a ruling on his petition for habeas relief. Petitioner has not demonstrated that reviewing this matter in the Court's normal course would be prejudicial to his interests or constitute undue delay in light of the fact that the Rule 5 materials were very recently filed with the Court on January 11, 2008. See *Castillo v. Pratt,* 162 F.Supp.2d 575, 576 (N.D. Tex. 2001). Petitioner merely and generally argues that he has exhausted his remedies and has sustained severe injury as a result of the miscalculation of his disciplinary and good time credits. Therefore, the Court will deny Petitioner's request for the Court to immediately consider his habeas petition.

B.

Petitioner has filed a motion requesting that the Court appoint a polygraph examiner and an investigator. Petitioner argues that the purpose of the polygraph examination is to create evidence substantiating his credibility with this Court and to prove that he is being truthful about the factual allegations he has set forth in his habeas petition. Following the polygraph examination, Petitioner requests that a particular investigator be appointed in order to follow up on the results yielded from the polygraph examination. According to Petitioner, an investigation would serve the purpose of creating additional evidence in support of the petitioner's habeas claims. The Court denies Petitioner's motion for two reasons.

First, Petitioner's motion falls within the realm of a discovery request because he is requesting polygraph examination reports and investigation reports relative to this matter. A

district court has the discretion under Rule 6 of the rules Governing §2254 Cases, 28 U.S.C. foll. §2254, to grant discovery to a petition in a habeas case upon a fact specific showing of good cause. *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler,* 328 F.Supp.2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without citation to specific information that he hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Id.* at 718. Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460.

In this case, Petitioner seeks to obtain polygraph results and subsequent investigative reports in an effort to further substantiate his credibility. Petitioner, however, fails to point to any specific evidence that might be learned from the additional discovery of these polygraph results, aside from his declaration that he is telling the truth. Nor does he specifically identify what the requested investigator will research and what evidence the investigative report might reveal.

Second, polygraph examinations are generally disfavored due to the "long-held opinion that the results of a polygraph are inherently unreliable." *United States v. Thomas,* 167 F.3d 299, 309 (6th Cir. 1999). Moreover, the Sixth Circuit has repeatedly observed that "unilaterally obtained polygraph evidence is almost never admissible under Evidence Rule 403." (Citations and internal quotations omitted). Since Petitioner's purpose for requesting an investigator hinged upon a polygraph examination, a subsequent investigation into such an examination's results will similarly

4

not be permitted. Therefore, Petitioner's request for investigative reports and polygraph examination results relative to this matter is denied.

C.

Petitioner has also filed several motions which the Court has interpreted as requests to expand the record.[1] An appropriate response from a respondent to a request for responsive pleadings and for Rule 5 Materials is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts and any post-conviction pleadings and decision. *Chavez v. Morgan,* 932 F.Supp. 1152, 1153 (E.D. Wis. 1996). Rule 5 provides that the answer:

> must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retro-activity, or a statute of limitations
> . . . [and] indicate that transcripts (of pre-trial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.

Habeas Rule 5(b).

Rule 7(a) of the rules governing §2254 cases, 28 U.S.C. §2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional material relevant to the determination of the merits of the

---

[1] These motions include the following: "Motion to Amend/Supplement & Expedite Habeas Relief," filed on June 21, 2007 [dkt #7]; "Motion to Supplement Pleadings," filed on August 3, 2007 [dkt #11]; "Leave to File Motion to Supplement in Support of Petitioner's Response to Respondent's Failure to Timely Respond in Response to the Court's Order Requiring Responsive Pleading," filed on November 9, 2007 [dkt #16]; "Leave to File Second Amendment," filed on January 10, 2008 [dkt #24]; and "Leave to File Supplement to 'Amended Affidavit' in Support of Petitioner's Response to Respondent's Failure to timely Respond in Response to the Court's Order Requiring Responsive Pleading," filed on February 14, 2008 [dkt #26].

petition." "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Habeas Rule 7(b). "Affidavits may also be submitted and considered as part of the record." *Id.* The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." 28 U.S.C. §2254 (Rule 7, advisory committee notes); *see also Jamison v. Collins,* 291 F.3d 380, 387 (6th Cir. 2002). A federal district judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision of whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court. *See Ford v. Seabold,* 841 F.2d 677, 691 (6th Cir. 1988).

Petitioner seeks to expand the record before this Court to include the following: (1) "Amended Judgment of Conviction and Sentence and Warrant for Removal," dated May 30, 2007; (2) "Second Amended Judgment of Conviction and Sentence and Warrant for Removal," dated June 26, 2007; (3) Memoranda from the Michigan Department of Corrections (MDOC) dated November 1, 2006 and July 17, 2007; (4) Manual Computation of Steps sheet; (5) Affidavit by Petitioner dated July 30, 2007; (6) Affidavit by Petitioner dated January 8, 2008 with amendments to the Affidavit made on February 12, 2008; (7) correspondence from Chapski & Chapski, CPAs, LLP - Certified Accountants, dated January 15, 2008; and (8) grievances filed with the MDOC during the months of October 2006, November 2006, February 2007, and June 2007.

Upon the Court's review, four of the requested documents are already a part of the record: (1) "Amended Judgment of Conviction and Sentence and Warrant for Removal," dated May 30, 2007; (2) "Second Amended Judgment of Conviction and Sentence and Warrant for Removal," dated June 26, 2007; (3) grievance filed with the MDOC during October 2006; and (4) grievance filed with the MDOC during the month of November 2006. Therefore, to the extent that Petitioner moves to the expand the record with these documents, the request is moot as they are already a part of the court file. Relative to the other documentation, they are not a part of the Rule 5 materials. However, the Court has reviewed the above referenced documents and finds that the information contained therein will be helpful to the Court in bringing about a resolution to this matter.

Therefore, the Court will grants Petitioner's several motions to amendment and to supplement, which this Court has interpreted as requests to expand the record. Three of those motions, to the extent that they seek to expand the record to include documents already contained within the record, will be partially denied.

D.

Respondent was ordered to respond to the habeas petition in this case by November 6, 2007. Respondent did not file a timely response, but rather filed its motion for leave to file a response *instanter*, brief in support, and its response to Petitioner's request for habeas relief on November 8, 2007. Therefore, Respondent's answer was filed two days after the Court ordered deadline. Petitioner has filed a response to Respondent's motion for leave to file an answer *instanter,* asserting, in part, that Respondent is untimely in its request for leave to file an answer *instanter* and Respondent's answer to the habeas petition should be dismissed as untimely.

Fed. R. Civ. P. 6(b) states as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Respondent's "good cause" or "excusable neglect" for its untimely filing was stated as follows: "[r]espondent counsel's scheduled work obligations including five responses due in the United States District court require her to seek an extension of time within which to file this answer." Respondent's Motion for Leave to File Answer *Instanter*, p. 2. Respondent filed its answer two days late; however, there is no indication of any purposeful delay on the part of Respondent in answering the habeas petition. *See Whitfield v. Martin,* 157 F. Supp.2d 758, 761 (2001). Moreover, Petitioner has not claimed that his case has been prejudiced as a result of Respondent's delay in filing a timely response. *See Hill v. Marshall,* 861 F.2d 720, 1988 WL 117163 at *2 (6th Cir. 1988) (unpublished). Therefore, the Court will grant Respondent's motion for *instanter*.

E.

Petitioner filed a motion for immediate release from custody. In light of the fact that the Court very recently received the Rule 5 Materials and has expanded the record as of the date of this Order, it is premature for the Court to order the immediate release of Petitioner without having had the opportunity to fully review the record. Therefore, the Court will deny Petitioner's request for his immediate release from custody.

F.

Petitioner has filed a preliminary injunction motion and a motion to amend the preliminary injunction motion. Although Petitioner labels this motion as one requesting injunctive relief, the

8

content of the motion is a mere reiteration of his substantive habeas claims and does not address the preliminary injunction standard or any facts necessary to substantiate injunctive relief. Consequently, the Court will deny Petitioner's preliminary injunction motion.

G.

Finally, Petitioner has filed a motion seeking voluntary dismissal of his several pleadings filed after June 18, 2007. He cites to Federal Rule of Civil Procedure 41(a)(2), which permits dismissal of an *action* by order of the Court. His request, however, is for the dismissal of particular pleadings, specifically his several filings after June 18, 2007. The fact that he seeks to retain filings prior to that date, which include his petition for habeas corpus, demonstrates that he does not seek to dismiss the action. Accordingly, because the rule authorizes only the dismissal of an entire action, the Court will deny this motion.

III.

Accordingly, it is **ORDERED** that Petitioner's "Motion to Expedite Application for Writ of Habeas Corpus" [dkt #3] is **DENIED**.

It is further **ORDERED** that Petitioner's "Motion for Appointment of Investigator & Polygraph Examiner" [dkt #4] is **DENIED**.

It is further **ORDERED** that Petitioner's "Motion to Amend/Supplement & Expedite Habeas Relief" [dkt #7] is **DENIED**.

It is further **ORDERED** that Petitioner's "Motion for Immediate Release from Custody" [dkt #10] is **DENIED**.

It is further **ORDERED** that Petitioner's "Motion to Supplement Pleadings" [dkt #11] is **GRANTED IN PART**, as to expanding the record to include the following documents: (1) MDOC's

9

memorandum to Petitioner of November 1, 2006; (2) MDOC's memorandum to Petitioner of July 17, 2007; (3) Petitioner's affidavit of July 30, 2007, but **DENIED IN PART** as to other relief that he seeks. Petitioner shall file the afore-mentioned documents on or before **April 18, 2008**.

It is further **ORDERED** that Respondent's "Motion for Leave to File Answer *Instanter*" [dkt #14] is **GRANTED**.

It is further **ORDERED** that Petitioner's "Leave to File Motion to Supplement in Support of Petitioner's Response to Respondent's Failure to Timely Respond in Response to the Court's Order Requiring Responsive Pleading" [dkt #16] is **GRANTED**. Petitioner shall file, on or before **April 18, 2008**, the following documents: (1) his Step I grievance against MDOC of October 18, 2006; (2) his Step II grievance against MDOC of November 2006; (3) a grievance submitted against MDOC on February 15, 2007; and (4) MDOC's response to his Step III grievance, dated June 1 and 4, 2007.

It is further **ORDERED** that Petitioner's "Leave to File Application for Preliminary Injunction in Opposition to Respondent's Failure to Timely Answer in Response to the Court's Order Requiring Responsive Pleading" [dkt #19] is **DENIED**.

It is further **ORDERED** that Petitioner's "Leave to File Amendment" [dkt #22] is **DENIED**.

It is further **ORDERED** that Petitioner's "Leave to File Second Amendment" [dkt #24] is **GRANTED**. Petitioner shall file, on or before **April 18, 2008**, his amended affidavit of January 8, 2008.

It is further **ORDERED** that Petitioner's "Leave to File Supplement to 'Amended Affidavit' in Support of Petitioner's Response to Respondent's Failure to timely Respond in Response to the Court's Order Requiring Responsive Pleading" [dkt #26] is **GRANTED**. Petitioner shall file, on

or before **April 18, 2008**, Steven R. Chapski's letter of January 15, 2008.

It is further **ORDERED** that Petitioner's motion for dismissal [dkt #27] is **DENIED**.

                                                       s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

Dated: March 19, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2008.

                                     s/Tracy A. Jacobs
                                     TRACY A. JACOBS